UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

MERLYNDA A. BALCINA,

    Plaintiff,

    vs.

MICHAEL CHERTOFF,
SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY;
JONATHAN SCHARFEN, ACTING
INTERIM DIRECTOR OF THE UNITED STATES
BUREAU OF CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS");
RUTH DOROCHOFF, CHICAGO DISTRICT
DIRECTOR OF THE USCIS;
UNKNOWN EMPLOYEE OF THE CHICAGO
DISTRICT OFFICE OF THE USCIS;
ROBERT MUELLER, DIRECTOR OF THE
FEDERAL BUREAU OF INVESTIGATION ("FBI"); and
UNKNOWN EMPLOYEE OF THE FBI,

    Defendants.

Civil Action No. _____

FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB

COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS

The plaintiff, MERLYNDA A. BELCINA, by and through her attorneys, TAPIA-RUANO & GUNN P.C., submits this complaint against Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"); Jonathan Scharfen, Acting Director of the United States Bureau of Citizenship and Immigration Services ("USCIS"); Ruth Dorochoff, Chicago District Director of the USCIS; and Robert Mueller, Director of

the Federal Bureau of Investigation ("FBI"), stating as follows:

## I. INTRODUCTION

1. This is an action for mandamus relief under 28 U.S.C. § 1361 and for relief under 5 U.S.C. § 551, *et seq.*, of the Administrative Procedure Act ("APA"), all for the purposes of compelling the defendants to perform their duties and complete the processing and adjudication of the plaintiff's adjustment of status petition for permanent legal residence, which she filed on February 18, 2004 -- duties the defendants have refused or unreasonably failed to perform in spite of repeated requests that they do so that span more than four years.

## II. JURISDICTION

2. Based on facts set forth anon, this Court has jurisdiction over the present action under the following provisions:

a. 28 U.S.C. § 1361, which grants district courts "original jurisdiction of an action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owned to the plaintiff."

b. 28 U.S.C. § 1331, which confers jurisdiction to resolve federal questions, including challenges to the actions or inactions of federal agencies brought under 5 U.S.C. § 551, et seq. ("APA").[1]

3. The "jurisdiction stripping" provision of 8 U.S.C. § 1252(a)(2)(B)(ii) – which provides that "no court shall have jurisdiction to

---

[1] *ANA Int'l., Inc., v. Way,* 393 F.3d 886, 890 (9th Cir. 2004).

review * * * any other decision or action of the Attorney General or the Secretary of the Homeland Security the authority for which it is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . ." – <u>does not apply</u> to the facts alleged and the relief sought in this complaint. The plaintiff does not ask this Court to review a discretionary "decision or action" taken by defendants with respect to her application for adjustment. Rather, the plaintiff challenges the defendants' refusal or unreasonable failure to render any decision or take any action on or in her case and seeks to compel the defendants to make a decision or take action in the first instance. Where defendants have not actually issued a discretionary decision to either grant or deny plaintiff's legal permanent resident status, § 1252(a)(2)(B)(ii) does not apply.[2]

    4. 5 U.S.C. § 701(a)(2) – which provides that the APA is inapplicable to "agency action committed to agency discretion by law" or where "statutes preclude judicial review" – <u>does not apply</u> to the facts alleged and the relief sought in this complaint for the same reasons the broader bar set forth in § 1252(a)(2)(B)(ii) does not apply.[3] (See par. 3, hereinabove.)

### III. VENUE

---

[2] *See Iddir v. INS*, 301 F.3d 492, 498, 501 (7th Cir.2002); *Ahmed v. Dep't of Homeland Security*, 328 F.3d 383, 387 (7th Cir.2003); *Kamal v. Gonzales*, 547 F.Supp.2d 869, 873-77 (N.D.Ill.2008); *He v. Chertoff*, 528 F.Supp.2d 879, 884-85 (N.D.Ill.2008).
[3] *See ANA Int'l Inc.*, 393 F.3d at 890-91.

5. Venue in this court is proper under 28 U.S.C. § 1391(e), which provides that in "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." The plaintiff resides and the defendants operate within the jurisdiction of this court. Moreover, the plaintiff's application for permanent resident status (also known as an application for "adjustment of status") was processed at the Chicago District Office of the USCIS, where it has remained pending the last three years.

IV. FACTS

A. <u>Parties</u>

6. Merlynda Belcina, the plaintiff herein, is a citizen of the Philippines who originally entered the United States on July 2, 2001 with a tourist visa.  On or about February 18, 2004, she filed an application for permanent residence (hereinafter "adjustment of status") with the USCIS.

7. Michael Chertoff, a defendant herein, is the Secretary of the Department of Homeland Security ("DHS"). Under 8 U.S.C. § 1103(a)(1),

"[t]he Secretary of Homeland Security [is] charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens * * * (2) [h]e [has] control, direction, and supervision of all employees and of all the files and records of the [Immigration] Service * * * (6) [h]e is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department or other independent establishment under whose jurisdiction the employee is serving, any of the powers, privileges, or duties conferred or imposed by this chapter or regulations issued thereunder upon officers or employees of the Service."

8.   Jonathan Scharfen, defendant herein, is the Acting Director of the United States Bureau of Citizenship and Immigration Services ("USCIS"). Under 8 U.S.C. § 1103(a)(2) and 8 C.F.R. 245.9(l), he is directed by the Secretary of DHS to process and adjudicate applications for the adjustment of status filed under the Act.

9.   Ruth Dorochoff, a defendant herein, is the Chicago District Director of USCIS. Under 8 U.S.C. § 1103(a)(2) and 8 C.F.R. 245.9(l), she is directed by the Secretary of DHS and the Acting Director of USCIS to process and adjudicate applications for the adjustment of status filed under the Act.

10.   Unknown USCIS employee of the Chicago District office, a defendant herein, is directed by the Secretary of DHS under 8 U.S.C. § 1103(a)(2), and by the Interim Director and Chicago District Director of

USCIS to process and adjudicate the plaintiff's application for adjustment of status.

11. Robert Mueller, a defendant herein, is the Director of the Federal Bureau of Investigation ("FBI"). He has consented, through past and present course of action, to the Secretary of DHS's imposition of a duty upon FBI employees to undertake security checks in connection with applications for the adjustment of status filed under the Act, all pursuant to 8 U.S.C. § 1103(a)(6).

12. Unknown FBI employee, a defendant herein, is directed by the Director of FBI and, under 8 U.S.C. § 1103(a)(6) and 8 U.S.C. § 1105(b)(3), by the Director of DHS to undertake security checks of the plaintiff in connection with her application for adjustment of status filed under the Act.

## B. Events

13. On December 13, 2003, while residing in the United States, the plaintiff entered into a valid marriage with Peter Belcina, a naturalized US citizen since 1989.

14. On February 18, 2004, the plaintiff filed an application for adjustment with status with the Chicago Office of the USCIS based in part on said valid marriage.

15. On April 3, 2004, the plaintiff submitted to biometric examination, including fingerprinting.

16. On January 4, 2005, the plaintiff was interviewed in

connection with her application for adjustment of status by an officer of the USCIS, Chicago District Office.

17. On August 24, 2005, plaintiff corresponded with said officer and inquired into the status of her application. (See Exhibit A, attached.) No response was forthcoming.

18. On January 10, 2006, the plaintiff visited the Chicago USCIS District office in person through an INFOPASS interview, to inquire into the status of her application. (See Exhibit B, attached.) She was provided no information beyond being informed that it the application was pending.

19. On May 12, 2006, the plaintiff requested Hon. Senator Richard Durbin to assist her in obtaining a decision on her application for adjustment of status. (See Exhibit C, attached.) Senator Durbin corresponded with the USCIS and inquired into the status of the application. The USCIS responded, stating that the matter was under review and to inquire again after 90 days. (See Exhibit D, attached.)

20. On September 28, 2006, the plaintiff telephoned the USCIS' Customer Service number and left a message requesting the status of her application for adjustment of status. On October 17, 2006, the USCIS responded, stating, "We are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time." The USCIS also stated that further inquiry into status should be made if no decision is received within six months. (See

Exhibit E, attached.)

21.  On March 1, 2007, the plaintiff again telephoned the USCIS' Customer Service number and left a message requesting the status of her adjustment application. The next day, on March 2, the USCIS responded that it was still processing the case and that further inquiry should be made after six months. (See Exhibit F, attached.)

22.  On April 20, 2007, the plaintiff requested Hon. Congressman Rahm Emanuel to assist her in obtaining a decision on her adjustment application. Congressman Emanuel corresponded with the USCIS and inquired into the status of the application. The USCIS responded on or about May 1, stating that the matter was under review. (See Exhibit G, attached.)

23. On May 22, 2007, the plaintiff corresponded with an officer of the USCIS, Chicago District Office and inquired into the status of her case. (See Exhibit H, attached.) The USCIS responded on April 11, stating that the matter was under review. (See Exhibit I, attached.)

24. On July 10, 2007, the plaintiff again telephoned the USCIS' Customer Service telephone number and left a message requesting the status of her adjustment application. On July 17, the USCIS responded that it was still processing the case and that further inquiry should be made after six months. (See Exhibit J, attached.)

25. On July 23, 2007, the plaintiff corresponded with an officer of the USCIS, Chicago District Office and inquired into the status of her

case. (See Exhibit K, attached.) No response was forthcoming.

26. On March 8, 2008, the plaintiff engaged counsel who prepared a draft complaint for writ in the nature of mandamus based on the above facts and submitted a copy of it to the DHS, in hopes that such may resolve the present dispute without the involvement of the courts. (See Exhibit L, attached.) No response was forthcoming.

27. As of the date of filing this complaint, no action or decision has been with respect to the application for adjustment of status.

28. The plaintiff has urgent need to visit her seriously ailing and aged father in the Philippines, who requires the care and comfort of his daughter, the plaintiff. Until the plaintiff's application for adjustment of status is ruled upon, however, she cannot travel outside the United States without foregoing her application and its benefit, pursuant to 8 CFR § 245.2(c)(4)(ii)(A).

29. On February 4, 2008, the USCIS issued an Interoffice Memorandum directing it officers to approve applications for adjustment applications (Form I-485) "where the application is otherwise approvable and the FBI name check request has been pending more than 180 days." (See Exhibit M, attached.)

## V. CAUSES OF ACTION

### A. Mandamus Relief Directed to DHS and USCIS Defendants

30. Under 28 U.S.C. § 1361, a plaintiff is entitled to mandamus relief if she demonstrates: (1) a clear right to the relief sought; (2) that the

defendant has a duty to do the act in question; and (3) no other adequate remedy is available.[4]

31. The plaintiff has a clear right to apply for permanent resident status and to have her application adjudicated[5].

32. The DHS and USCIS have a non-discretionary duty to process and adjudicate the plaintiff's adjustment of status application.[6]

33. In spite of these rights and duties, the DHS and USCIS have not processed and adjudicated the plaintiff's application, to wit:

(a) The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 hereinabove.)

(b) As part of the application process, the plaintiff submitted to biometric examination on April 3, 2004. (See par. 15 hereinabove.)

(c) As part of the application process, the plaintiff attended and participated an in-person interview with an officer of the USCIS at the Chicago District Office on January 4, 2005. (See par. 16 hereinabove.)

(d) As of the date of filing of this complaint, the defendants have not issued a decision on the plaintiff's application for adjustment of status, in spite of an USCIS directive to adjudicate such applications "where the application is otherwise approvable and the FBI name check request has been pending for more than 180

---

[4] *Iddir*, 301 F.3d at 499.
[5] *See Kamal,* 547 F. Supp.2d at 876; *He*, 528 F. Supp.2d at 882-83.
[6] *Id.*

days." (See pars. 27 and 28 hereinabove.)

34.    The plaintiff's sole remedy in obtaining a decision on her adjustment application is to request the same from the DHS and USCIS, which the plaintiff has done repeatedly over a span of three years without effect. (See Exhibits A through L, attached, and pars. 18 through 26, hereinabove.)

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the plaintiff has a clear right to the relief sought; that the defendants have a duty to do the act in question, and that there is no other adequate remedy is available.

(3) Order the defendants to issue a decision granting or denying the plaintiff's application for permanent resident status ("adjustment of status") within 30 days of the order's entry.

(4) Tax defendants with the plaintiff's attorney's fees and costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the defendants have complied with its orders.

B. <u>APA Relief Directed to DHS and USCIS Defendants</u>

35. Under 5 U.S.C. §§ 555(b) and 706(1), a plaintiff is entitled to a court order compelling an agency to act if she establishes that the agency has a nondiscretionary duty to act and that any delay in acting is

unreasonable.[7]

36. The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 herein.)

37. As part of the application process, the plaintiff submitted to biometric examination on April 3, 2004. (See par. 15 herein.)

38. As part of the application process, the plaintiff attended and participated in an interview with an officer of the USCIS, at the Chicago District Office on January 4, 2005. (See par. 16 herein.)

39. The DHS and USCIS have a non-discretionary duty to process and adjudicate the plaintiff's application for adjustment of status.[8]

40. As of the date of filing of this complaint, the DHS and USCIS have not issued a decision on the plaintiff's application for adjustment of status, in spite of an USCIS directive to adjudicate such applications (Form I-485) "where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days." (See pars. 27 and 28 hereinabove.)

41. The delay of more than four and half years in processing and adjudicating the plaintiff's application for adjustment of status is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*[9]

---

[7] *Norton v. S. Utah Wilderness Alliance ("SUWA")*, 542 U.S. 55, 63 & n. 1, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004); *Kamal,* 547 F.Supp.2d at 877-78.

[8] *See Kamal,* 547 F. Supp.2d at 876; *He,* 528 F. Supp.2d at 882-83.

[9] *Kamal*, 547 F.Supp.2d at 878-79 (five-year delay is unreasonable); *Aslam v. Mukasey*, 531 F.Supp.2d 736, 742-43 (E.D.Va.2008) (three-year delay is unreasonable); *Saleem v. Keisler*, 520 F.Supp.2d 1048,1054

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the defendants' failure to process and adjudicate the plaintiff's application for permanent resident status ("adjustment of status") within four and a half years of filing the same is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*

(3) Order defendants to issue a decision on the merits granting or denying the plaintiff's security clearance and application for adjustment of status, both within 30 days of the order's entry.

(4) Tax defendants with the plaintiff's attorney's fees and costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the defendants have complied with its orders.

### C. Mandamus Relief Directed to FBI Defendants

42. Under 28 U.S.C. § 1361, a plaintiff is entitled to mandamus relief if she demonstrates: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available.[10]

---

(W.D.Wis.2007) (five years to conduct three background checks is unreasonable); *Liu v. Novak*, 509 F.Supp.2d 1, 10 (D.D.C.2007) (four-year delay is unreasonable); *Singh v. Still*, 470 F.Supp.2d 1064, 1065, 1071 (four-year delay is unreasonable) (N.D.Cal.2007); *Yufeng Liu v. Chertoff*, No. CV-06-1682-ST, 2007 WL 2435157, at *10-11 (D.Or. Aug. 29, 2007) (three-year delay is unreasonable).

[10] *Iddir*, 301 F.3d at 499.

43. The plaintiff has a clear right to apply for permanent resident status and to have her application adjudicated.[11]

44. Under 8 U.S.C. § 1301 and 1304(a), the DHS and USCIS must undertake security checks and clearances for any application for adjustment of status before her application may be adjudicated.

45. Under 8 U.S.C. § 1103(a)(6), the Secretary of the DHS "is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department . . . under whose jurisdiction the employee is serving, any of the . . . duties conferred or imposed by this chapter or regulations issued thereunder upon officers or employees of the Service."

46. The Secretary of the DHS, with the consent of the head of the FBI (as established by past and present practice) has imposed upon the employees of the FBI the duty of DHS to undertake security checks of applicants for adjustment of status. As such, the FBI defendants have a non-discretionary duty to process the security clearances for the plaintiff in connection with her application.

47. In spite of these rights and duties, the FBI defendants have not processed the plaintiff's security clearance, to wit:

(a) The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 hereinabove.)

(b) As part of the application process, the plaintiff submitted to

---

[11] *See Kamal,* 547 F. Supp.2d at 876; *He*, 528 F. Supp.2d at 882-83.

biometric examination on April 3, 2004. (See par. 15 hereinabove.)

(c) As part of the application process, the plaintiff attended and participated an in-person interview with an officer of the USCIS at the Chicago District Office on January 4, 2005. (See par. 16 hereinabove.)

 (d) On information and belief, information obtained from said application, examination and interview were provided to the FBI defendants by the DHS and USCIS, along with instructions to undertake security checks of the plaintiff.

(d) On information and belief, the FBI defendants have not undertaken or completed said security checks.

48.    The plaintiff's sole remedy in obtaining a decision on her application is to request the same from the DHS and USCIS defendants, which the plaintiff has done repeatedly over a span of three years without result. (See Exhibits A through L, attached, and pars. 18 through 26, hereinabove.)

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the plaintiff has a clear right to the relief sought; that the defendants have a duty to do the act in question, and that there is no other adequate remedy is available.

(3) Order the FBI defendants to complete its security checks of the plaintiff within 30 days of the order's entry.

(4) Tax the FBI defendants with the plaintiff's attorney's fees and costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the FBI defendants have complied with its orders.

### D. APA Relief Directed to FBI

49. Under 5 U.S.C. §§ 555(b) and 706(1), a plaintiff is entitled to a court order compelling an agency to act if she establishes that the agency has a nondiscretionary duty to act and that any delay in acting is unreasonable.[12]

50. The plaintiff has a clear right to apply for permanent resident status and to have her application adjudicated in a timely manner.[13]

51. Under the USA PATRIOT Act of 2001,[14] and 8 C.F.R. §103.2(e)(2), the DHS must undertake security checks clearances for any adjustment applicant before her application may be adjudicated.

52. Under 8 U.S.C. § 1103(a)(6), the Secretary of the DHS "is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department . . . under whose jurisdiction the employee is serving, any of the . . . duties conferred or imposed by this chapter or regulations issued thereunder upon officers

---

[12] *Norton*, 542 U.S. at 63 & n.1; *Kamal,* 547 F.Supp.2d at 877-78.
[13] *See Kamal,* 547 F. Supp.2d at 876; *He,* 528 F. Supp.2d at 882-83.
[14] USA PATRIOT ACT of 2001, P.L. 107-56, § 403.

or employees of the Service."

53.  The Secretary of the DHS, with the consent of the head of the FBI (as established by past and present practice) has imposed upon the employees of the FBI the duty of the DHS to undertake security checks of applicants for adjustment of status. As such, the FBI defendants have a non-discretionary duty to process the security clearances for the plaintiff in connection with her application.

54. In spite of these rights and duties, the FBI defendants have not processed the plaintiff's security clearance, to wit:

(a) The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 hereinabove.)

(b) As part of the application process, the plaintiff submitted to biometric examination on April 3, 2004. (See par. 15 hereinabove.)

(c) As part of the application process, the plaintiff attended and participated an in-person interview with an officer of the USCIS at the Chicago District Office on January 4, 2005. (See par. 16 hereinabove.)

(d) On information and belief, information obtain from said application, examination and interview were provided to the FBI defendants by the DHS and USCIS, along with instructions to undertake security checks of the plaintiff.

(d) On information and belief, the FBI defendants have not undertaken or completed said security checks.

55.   The plaintiff's sole remedy in obtaining a decision on her application is to request the same from the DHS and USCIS defendants, which the plaintiff has done repeatedly over a span of more than three years without result. (See Exhibits A through L, attached, and pars. 18 through 26, hereinabove.)

56. The FBI defendants' delay of more than four and half years in processing the plaintiff's security clearance in connection with her adjustment application is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*[15]

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the FBI defendants' failure to process or complete the plaintiff's security checks within four years after being directed to perform the task is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*

(3) Order the FBI defendants to complete its security checks of the plaintiff within 30 days of the order's entry.

(4) Tax the FBI defendants with the plaintiff's attorney's fees and

---

[15]   *Kamal,* 547 F.Supp.2d at 878-79 (five-year delay is unreasonable); *Aslam v. Mukasey,* 531 F.Supp.2d 736, 742-43 (E.D.Va.2008) (three-year delay is unreasonable); *Saleem v. Keisler,* 520 F.Supp.2d 1048,1054 (W.D.Wis.2007) (five years to conduct three background checks is unreasonable); *Liu v. Novak,* 509 F.Supp.2d 1, 10 (D.D.C.2007) (four-year delay is unreasonable); *Singh v. Still,* 470 F.Supp.2d 1064, 1065, 1071 (four-year delay is unreasonable) (N.D.Cal.2007); *Yufeng Liu v. Chertoff,* No. CV-06-1682-ST, 2007 WL 2435157, at *10-11 (D.Or. Aug. 29, 2007) (three-year delay is unreasonable).

costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the FBI defendants have complied with its orders.

_____
Carlina Tapia-Ruano
Jeffrey W. Gunn
TAPIA-RUANO & GUNN P.C.
53 W. Jackson Blvd., Suite 853
Chicago, IL 60605
(P) 312-281-4867
(F) 312-447-0701
ctapia-ruano@trgpc.com

For the Plaintiff,
MERYLYNDA BALCINA

3550 North Lake Shore Drive  #622
Chicago, Illinois 60657-1904

August 24, 2005

```
FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB
```

Bureau of Citizenship & Immigration  Services
230 South Dearborn, 23rd Floor
Chicago, Illinois 60604

Attention: Ms Nora Allen, Interviewing Officer

Re: A098074509-Merlynda Belcina

Dear Ms Allen:

More than 7 months had already passed since our interview on January 4, 2005 regarding my wife's above application which was submitted on February 18, 2004. Since then, we had been anxiously waiting and hoping for your approval.

After our marriage on December 13, 2003, we had a lot of plans.  I used to travel frequently.  Now that I am married, I have always wanted to travel with my wife.  We would like to go to the Philippines, our country of origin, to visit and meet both our friends and relatives. All these plans are now put on hold while waiting for my wife's green card. We never expected the waiting period would take that long.

Ms Allen, we urgently need your help and compassion to please expedite the processing of my wife's application so that we can travel together.  Most importantly, she wants to see and visit her four children back home.  She longed and missed them terribly like all mothers do.  She had been away from them for four years now.  The children have been kind of deprived for the love and attention only a mother could give.  So Ms Allen, please help us make up for her long absence.

In closing, we consider it a great and a huge favor if you could at least let us know the status of her application.

Should you need anything more to facilitate the approval of her application, we shall be happy to comply with it.  Thank you very, very much.

Very truly yours,

*Peter J. Belcina*
PETER F. BELCINA

— "Exhibit A "



FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB

**Name:** **Merlynda Enon Belcina**

**Appointment Type:** Speak to immigration officer

**Confirmation No.:** CHI-06-391         **Authentication Code:** f436

**Appointment Date:** **January 10, 2006**         **Appointment Time:** **8:40 AM**

**Location:** 10 WEST JACKSON BLVD., Chicago, IL 60604; LOBBY

**Please be on time. Failure to show up on time will result in the cancellation of your appointment. You will then need to reschedule your appointment. You will not be admitted more than 15 minutes before your scheduled appointment time.**

- You must appear in person and bring photo identification along with this appointment letter.
- Acceptable forms of identification are any of the following: Government issued identification, passport, valid driver's license, I-94, Work Authorization Card, or Permanent Resident Card. (Green Card)
- In order to serve you more efficiently, we require you to bring all applicable immigration forms, letters, receipts, translations and originals of supporting documents.

**This is your Confirmation Number:**



**If you wish to cancel this appointment, you will need the following Personal Identification Number:**

*89776*

"Exhibit B"

3550 North Lake Shore Drive #622
Chicago, Illinois 60657-1904

FILED: AUGUST 4, 2008
08CV4400
May 12, 2006
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

Honorable Richard G. Durbin            JFB
U S Senator
230 S. Dearborn Street , Suite 3892
Chicago, Illinois 60604

Dear Hon. Richard G. Durbin:

Hello, Honorable Durbin! My name is Peter F. Belcina. I am a bonafide U S citizen. I
married my wife, Merlynda Enon Belcina on December 13, 2003. On February 18, 2004,
we filed her alien application no. 098074509 for a permanent status. On January 4, 2005,
we had our interview conducted by INS officer, Ms Nora Allen. After the interview, Ms
Allen informed us that all the requirements and supporting documents are in her hands.
Everything was in order. What the INS needs at the time was an FBI background check.
They will advise us in the mail later.

Honorable Senator, we were made to understand that any background check for that
matter will only take about two years to do. Now, more than three years had elapsed and
we do not hear anything about the whereabouts of her application from them. What
happened is never heard of, hence we are compelled to ask for your help. We strongly
believe, you are the only person whom we can turn to and the INS people will tend to
listen and cannot afford to ignore. We had been grouping in the dark all the time from
day one until now without any trace at all. It is really unbelievable.

We made several follow-ups and inquiries copies of which are herewith attached, but to
no avail.

Considering and thinking in mind that processing her application will not take that long,
we made a lot of plans. First and foremost, we would like to go to the Philippines and
meet our respective families, relatives and friends. Most importantly, visit her four
children whom she missed to watch them grow. I also, have a fling for travel. I am
always looking forward that our marriage will be as exciting and enjoyable by traveling
to different parts of the world together. But all the desires to enjoy life together are put
on hold. Not unless this troubling situation will be fixed, we cannot yet travel and enjoy
a normal married life together. We are always looking for a certain Mr. Right, Honorable
Senator to help us. And that Mr. Right is only you.

Exhibit C

Honorable Senator, we would just like to know and be updated. How much more longer to wait for the end result of her application because we did not hear a word of it. The waiting seems to be excruciatingly painful.

In closing, we wholeheartedly hope and trust you can help us so we can move on to our life together. Thank you very much for whatever help you can extend to us regarding this urgent matter.

Respectfully yours,

PETER F. BELCINA

Encls. as stated.

RICHARD J. DURBIN
ILLINOIS

COMMITTEE ON APPROPRIATIONS

COMMITTEE ON THE JUDICIARY

COMMITTEE ON RULES
AND ADMINISTRATION

ASSISTANT DEMOCRATIC
LEADER

332 DIRKSEN SENATE OFFICE BUILDING
WASHINGTON, DC 20510-1304
(202) 224-2152
TTY (202) 224-8180

230 SOUTH DEARBORN, 38TH FLOOR
CHICAGO, IL 60604
(312) 353-4952

525 SOUTH EIGHTH STREET
SPRINGFIELD, IL 62703
(217) 492-4062

701 NORTH COURT STREET
MARION, IL 62959
(618) 998-8812

durbin.senate.gov

## United States Senate
### Washington, DC 20510–1304

July 26, 2006

Mr. Peter Belcina
3550 North Lake Shore Drive #622
Chicago, IL  60657-7840

FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

Dear Mr. Belcina:

JFB

I have received the enclosed response from USCIS, regarding my office's inquiry on your behalf.

I trust that we have been of service to you.

Please feel free to contact my office again if we can assist you in other matters of federal concern.

Very truly yours,

Richard J. Durbin
United States Senator

230 South Dearborn St.
Suite 3892
Chicago, Illinois  60604
312/353-4952

RJD/kl

Exhibit D

**Love, Kai (Durbin)**

| | |
|---|---|
| **From:** | Moody, Victoria L ~~~~~~~~ on behalf of CHI-Congressional2 ~~~~~~ |
| **Sent:** | Saturday, July 15, 2006 10:21 AM |
| **To:** | Love, Kai (Durbin) |
| **Subject:** | RE: A 098 074 509 Merlynda Belcina |

The Honorable Richard J. Durbin
United States Senator
230 S. Dearborn, Suite 3892
Chicago, Illinois 60604
Attn: Kai Love

This is in response to your inquiry relating to your constituent Merlynda Belcina (A98 074 509). Our records indicate that your constituent's case is under further review by the adjudicating officer. All evidence submitted by Merlynda Belcina (A98 074 509) in support of the application and/or petition for the immigration benefit being sought is being examined.

Cases may require additional review for a variety of reasons. When it is in the interest of upholding the United States immigration laws both in terms of enforcement and rights to privacy, that information may not be disclosed. It is difficult to predict with accuracy when this review will be completed. Every effort is being made to render an accurate and final decision in a timely manner. We ask that your constituent allow at least 90 days for a response before inquiring again.

We thank you for your understanding and patience.

Sincerely,

Ruth A. Dorochoff
District Director

-----Original Message-----
**From:** Love, Kai (Durbin) ~~~~~~~~~~~~~~~~
**Sent:** Tuesday, May 30, 2006 9:56 AM
**To:** Chi-Congressional
**Subject:** A 098 074 509 Merlynda Belcina

Mrs. Belcina is seeking the status of her I-485 petition.

The address provided is:

3550 N. Lake Shore Drive, #622
Chicago, IL 60657

We have a privacy release form on file.

Thanks,

Kai

FILED: AUGUST 4, 2008

08CV4400

JUDGE GETTLEMAN

MAGISTRATE JUDGE COX


JFB

**U.S. Department of Homeland Security**

USCIS
101 West Congress Parkway
Chicago,IL 60605



**U.S. Citizenship
and Immigration
Services**

Tuesday, October 17, 2006

MERLYNDA S COMEMDADOR
3550 N LAKESHORE DR
APT 622
CHICAGO IL 60657

Dear MERLYNDA S COMEMDADOR:

On 09/28/2006 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | The applicant |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | 03/18/2004 |
| **Receipt #:** | |
| **Beneficiary (if you filed for someone else):** | COMEMDADOR, MERLYNDA, S |
| **Your USCIS Account Number (A-number):** | A098074509 |
| **Type of service requested:** | Case Status - Outside Processing Time |

The status of this service request is:

Based on your request we researched the status of this case. We are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time. If you do not receive a decision or other notice of action from us within 6 months of this letter, please call customer service at the number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.


U.S. Citizenship and Immigration Services


U.S. CIS - 10-17-2006 03:33 PM EDT

"Exhibit E"

FILED: AUGUST 4, 2008

08CV4400

JUDGE GETTLEMAN

MAGISTRATE JUDGE COX

JFB



**U.S. Department of Homeland Security**
USCIS
101 West Congress Parkway
Chicago, IL 60605

## U.S. Citizenship and Immigration Services

Friday, March 2, 2007

MERLYNDA BELCIANA
3550 NORTH LAKE SHORE DRIVE
CHICAGO IL 60657

Dear merlynda belciana:

On 03/01/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| Caller indicated they are: | The applicant |
| Attorney Name: | Information not available |
| Case type: | I485 |
| Filing date: | Information not available |
| Receipt #: | msc-04-141-17720 |
| Beneficiary (if you filed for someone else): | belciana, merlynda |
| Your USCIS Account Number (A-number): | Information not available |
| Type of service requested: | Case Status - Outside Processing Time |

The status of this service request is:

Based on your request we researched the status of this case. We are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time. If you do not receive a decision or other notice of action from us within 6 months of this letter, please call customer service at the number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

U.S. CIS - 03-02-2007 09:31 AM EST - msc-04-141-17720

" Exhibit F "

RAHM EMANUEL
5TH DISTRICT, ILLINOIS

CHAIRMAN, HOUSE
DEMOCRATIC CAUCUS

COMMITTEE ON
WAYS AND MEANS

SUBCOMMITTEE ON HEALTH

SUBCOMMITTEE ON SELECT REVENUE MEASURES

WASHINGTON OFFICE:
1319 LONGWORTH
HOUSE OFFICE BUILDING
202-225-4061

CHICAGO OFFICE:
3742 WEST IRVING PARK ROAD
CHICAGO, IL 60618
773-267-5926

# Congress of the United States
## House of Representatives
### Washington, DC 20515-1305

April 25, 2007

```
FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB
```

Mr. Peter Belcina
3550 N Lake Shore Dr, Apartment 622
Chicago, IL 60657-7840

Dear Mr. Belcina:

Thank you for contacting my Congressional office about the status of your case.

Jerry Gustafson, a member of my staff, is conducting an inquiry into the matter and will be in touch with you once we receive a response. These issues often take some time to resolve, but we should have more information within thirty working days and will contact you then. However, should you have any questions, feel free to call Mr. Gustafson at 773-267-5926.

Again, thank you for contacting me. If there is anything I can do to further assist you, do not hesitate to ask.

Sincerely,

Rahm Emanuel
Member of Congress

RE\jg1

"Exhibit G"

RAHM EMANUEL
5TH DISTRICT, ILLINOIS

CHAIRMAN, HOUSE
DEMOCRATIC CAUCUS

COMMITTEE ON
WAYS AND MEANS

SUBCOMMITTEE ON HEALTH

SUBCOMMITTEE ON SELECT REVENUE MEASURES

WASHINGTON OFFICE:
1319 LONGWORTH
HOUSE OFFICE BUILDING
202–225–4061

CHICAGO OFFICE:
3742 WEST IRVING PARK ROAD
CHICAGO, IL 60618
773–267–5926

# Congress of the United States
## House of Representatives
### Washington, DC 20515–1305

May 1, 2007

Mr. Peter Belcina
3550 N Lake Shore Dr, Apartment 622
Chicago, IL 60657-7840

Dear Mr. Belcina:

I have received the enclosed reply from the United States Citizenship and Immigration Services.

Unfortunately, this is not the response you had hoped to receive. I am attaching a copy of the letter which may assist you in understanding the situation.

If you have additional questions, call Mr. Gustafson in my Chicago office at 773-267-5926. Please do not hesitate to contact us again if we can be of assistance with a matter of federal concern.

Sincerely,

Rahm Emanuel
Member of Congress

RE\jg1
Enclosure

Dear Congressman Emanuel:

United States Citizenship and Immigration Services (USCIS) are committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security. Though background checks for most applications or petitions are completed very quickly, a small percentage of cases have unresolved background check issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, the agency cannot move forward until all outstanding issues have been resolved to our satisfaction. Unfortunately, this process can sometimes take years.

The background checks involve more than just the initial submission of biographical information or fingerprints and the initial response. If these checks and/or a review of the administrative record reveal an issue potentially impacting an applicant's eligibility for the requested immigration benefit, further inquiry is needed. The inquiry may include an additional interview and/or the need to contact another agency for updates or more comprehensive information. If it is determined that an outside agency possesses information relevant to the applicant's background, USCIS asks that agency to share any relevant information for consideration by USCIS in the adjudication. Upon gathering and assessing all available information, USCIS will adjudicate the application as expeditiously as possible.

We have checked into your constituent's case and have been assured that the agency is aware of your inquiry and is monitoring progress of the case.

3550 North Lake Shore Drive #622
Chicago, Illinois 60657-1904

May 22, 2007

Mr. Robert L. Blackwood
Field Office Director
100 W. Congress Pkwy
Chicago, Il 60605

FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

Re: Alien No. - A-098074509
    (Merlynda Belcina)
    Receipt No. - MSC 04-141-17720

JFB

Dear Mr. Blackwood,

Since my marriage with my husband, Peter F. Belcina on Dec. 13, 2003 and after our interview by Ms. Nora Allen on Jan. 4, 2005, we made several follow-ups. We were always given six months to wait before making another follow-up or call your office. We even went to the extent of soliciting our high ranking officials hoping that they can help us carry our voice to your office. We do not know either what your office needs and require more from us. We are more than willing to comply whatever your office would require.

We understand that your office is preoccupied with a lot of works to do and everybody in your office is busy especially with the ongoing immigration situation in our country. Mr. Blackwood, I am also confronted with a personal problem back home. My 93 year old father, who is a widower, is very sick. He is at present suffering in his early stage of dementia. According to my siblings, who take care of him, my father is always looking for me.

In view of the above, Mr. Blackwood, and for humanitarian reason, I beg of you, I wholeheartedly request your good self to expedite the processing of my application. Please give me your blessings, much more your stamp of approval to adjust my present status so I would be able to see my father while he still recognizes me or before his final journey ends. I would consider it the most valuable favor I ever had in my whole life and I will never forget it as long as I live. I am hoping for your favorable consideration. More power to you and may God bless you.

Respectfully yours,

Merlynda Belcina

" Exhibit H "

FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
Domestic Operations Directorate
Washington, DC 20529



**U.S. Citizenship
and Immigration
Services**

HQCIS 181/48.2-C

APR 11 2008

Ms. Merlynda Belcina
3550 North Lake Shore Drive
Apartment 622
Chicago, IL 60657

Dear Ms. Belcina:

Thank you for your correspondence dated May 22, 2007, to the Citizenship and Immigration
Services (USCIS). The following response is provided for your information/action.

We regret the length of time it has taken to process your application. A check of our records
establishes that your Form I-130, Petition for Alien Relative and Form I-485, Application to
Register Permanent Residence or Adjust Status, are still under review and are not yet ready for a
decision. The office that is handling your cases will notify you as soon as they make a decision
on your applications.

Please understand that the review is part of the process in adjudicating cases of similar nature.
While an exact date for completion of the review cannot be given at this time, we will make
every effort to make a decision on this case as soon as the review is completed.

We appreciate your continued patience. If you need additional assistance or filing instructions,
we invite you to contact the USCIS National Customer Service Center at 1-800-375-5283 or visit
our website at www.uscis.gov.

We trust that this information is helpful.

Sincerely,

Annette Speaks, Acting Supervisor
Customer Assistance Office
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security

Exhibit I

www.uscis.gov

FILED: AUGUST 4, 2008

08CV4400

JUDGE GETTLEMAN

MAGISTRATE JUDGE COX

JFB



**U.S. Department of Homeland Security**
USCIS
101 West Congress Parkway
Chicago, IL 60605

## U.S. Citizenship and Immigration Services

Tuesday, July 17, 2007

MERLYNDA BELCINA
3550 N LAKESHORE DR #622
CHICAGO IL 60657

Dear Merlynda Belcina:

On 07/10/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | Applicant or Petitioner |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | 02/18/2004 |
| **Receipt #:** | MSC-04-141-17720 |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Outside Normal Processing Times |

The status of this service request is:

Based on your request we researched the status of this case. We are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time. If you do not receive a decision or other notice of action from us within 6 months of this letter, please call customer service at the number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

U.S. CIS - 07-17-2007 10:56 AM EDT - MSC-04-141-17720        Exhibit J

3550 North Lakeshore Drive #622
Chicago, Illinois 60657

July 23, 2007

Mr. Robert L. Blackwood
Field Office Director
U.S. Citizenship and Immigration Office
101 West Congress Parkway
Chicago, IL 60605

FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB

Re: Alien No.    - A098074509(Merlynda Belcina)
    Receipt No. - MSC 04-141-17720
    Filing Date  - Feb. 18, 2004

Dear Mr. Blackwood,

This is my second letter containing the same tenor which I sent you on May 30, 2007. Considering the possibilities that it might not have reached you since I haven't received any reply or acknowledgement from your office until now, thus, I am sending it again.

Since my marriage to my husband, Peter F. Belcina on Dec. 13, 2003 and after our interview by Ms. Nora Allen on Jan. 4, 2005, we made several follow-ups. We were always given six months to wait before making another follow-up or call your office. We even went to the extent of soliciting help from our high ranking officials hoping that they can help us carry our voice to your office. We do not know either what your office needs and require more from us. We are more that willing to comply whatever your office would require.

We understand that your office is preoccupied with a lot of works to do and everybody in your office is busy especially with the ongoing immigration situation in our country. Mr. Blackwood, I am also confronted with a personal problem back home. My 93 year old father, who is a widower, is very sick. He is at present suffering in his early stage of dementia. According to my siblings who take care of him, my father has been calling my name.

In view of the above Mr. Blackwood, and for humanitarian reason, I beg of you, I wholeheartedly request your good self to expedite the processing of my apllication. Please give me your blessings, much more your stamp of approval to adjust my present status so I would be able to see my father while he still recognizes me or before his final journey ends. I would consider it the most valuable favor I ever had in my whole life and I will never forget it as long as I live.

"Exhibit K"