UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF ILLINOIS,
EASTERN DIVISION

MERLYNDA A. BALCINA,

    Plaintiff,

    vs.                                        Civil Action No.08cv4400

MICHAEL CHERTOFF,                 Assigned Judge: Gettleman
SECRETARY OF THE DEPARTMENT    Magistrate Judge: Cox
OF HOMELAND SECURITY;
JONATHAN SCHARFEN, ACTING
INTERIM DIRECTOR OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS");
RUTH DOROCHOFF, CHICAGO DISTRICT
DIRECTOR OF THE USCIS;
UNKNOWN EMPLOYEE OF THE CHICAGO
DISTRICT OFFICE OF THE USCIS;
ROBERT MUELLER, DIRECTOR OF THE
FEDERAL BUREAU OF INVESTIGATION ("FBI"); and
UNKNOWN EMPLOYEE OF THE FBI,

    Defendants.

---

Additional Exhibits to Electronically Filed Complaint
Omitted in Error during Electronic Filing

---

Attached (following) are Exhibits that should have been filed with the original Complaint in this matter filed on August 4, 2008, but were mistakenly omitted in the electronically filed copy.

- Exhibit C
- Exhibit L
- Exhibit M

Respectfully submitted,

/s/
Carlina Tapia-Ruano
Attorney for the Plaintiff

Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604
312-281-4867
ctapia-ruano@trgpc.com

3550 North Lake Shore Drive #622
Chicago, Illinois 60657-1904

May 12, 2006

Honorable Richard G. Durbin
U S Senator
230 S. Dearborn Street, Suite 3892
Chicago, Illinois 60604

Dear Hon. Richard G. Durbin:

Hello, Honorable Durbin! My name is Peter F. Belcina. I am a bonafide U S citizen. I married my wife, Merlynda Enon Belcina on December 13, 2003. On February 18, 2004, we filed her alien application no. 098074509 for a permanent status. On January 4, 2005, we had our interview conducted by INS officer, Ms Nora Allen. After the interview, Ms Allen informed us that all the requirements and supporting documents are in her hands. Everything was in order. What the INS needs at the time was an FBI background check. They will advise us in the mail later.

Honorable Senator, we were made to understand that any background check for that matter will only take about two years to do. Now, more than three years had elapsed and we do not hear anything about the whereabouts of her application from them. What happened is never heard of, hence we are compelled to ask for your help. We strongly believe, you are the only person whom we can turn to and the INS people will tend to listen and cannot afford to ignore. We had been grouping in the dark all the time from day one until now without any trace at all. It is really unbelievable.

We made several follow-ups and inquiries copies of which are herewith attached, but to no avail.

Considering and thinking in mind that processing her application will not take that long, we made a lot of plans. First and foremost, we would like to go to the Philippines and meet our respective families, relatives and friends. Most importantly, visit her four children whom she missed to watch them grow. I also, have a fling for travel. I am always looking forward that our marriage will be as exciting and enjoyable by traveling to different parts of the world together. But all the desires to enjoy life together are put on hold. Not unless this troubling situation will be fixed, we cannot yet travel and enjoy a normal married life together. We are always looking for a certain Mr. Right, Honorable Senator to help us. And that Mr. Right is only you.

*Exhibit C*

Honorable Senator, we would just like to know and be updated. How much more longer to wait for the end result of her application because we did not hear a word of it. The waiting seems to be excruciatingly painful.

In closing, we wholeheartedly hope and trust you can help us so we can move on to our life together. Thank you very much for whatever help you can extend to us regarding this urgent matter.

Respectfully yours,

*Peter F. Belcina*
PETER F. BELCINA

Encls. as stated.

# Law Offices of
# Manny A. Aguja, LLC

3144 W. Montrose Ave.,
Chicago, Illinois 60618
Phone No. (773) 866-1186
Fax No. (773) 866-1187
Email: agujalawoffice@gmail.com

March 8, 2008

Ms. Debbie Gordon, Esq.
Mr. Thomas O'Malley, Esq.
Office of the General Counsel
Department Of Homeland Security
101 W. Congress Parkway
Chicago, Illinois 60604



RE:  **PETER F. BELCINA AND MERLYNDA BELCINA**
     **CASE NO. A 098074509**

Dear Ms. Gordon and Mr. O'Malley,

As you know I am the legal counsel for Mr. and Mrs. Peter and Merlynda Belcina in their Petition of Adjustment for Merlynda Belcina.

I am writing your office because this petition has been long over due for almost *four* years now. The adjustment interview with AO Nora Allen took place on January 4, 2005 and to date there has been no adjudication from your office. Ms. Belcina has a lot of urgent personal cares in the Philippines including but not limited to a very ailing father who can die any time now. One of her biggest concerns is that he may die on her without even seeing his daughter for the last several years. I know, on a personal note you can understand this kind of situation. I request your office to adjudicate this matter even on a humane basis. I cannot imagine that the FBI back log on a name check is the culprit. If it is, please let me know so I can name the Agency as one of the defendants in this enclosed lawsuit.

Enclosed please find a copy of my Complaint for Writ in the Nature of Mandamus. As a member of AILA, the American Association for Immigration Lawyers, our Liaison has informed that writing you prior to the filing of this complaint has worked wonders.

Please advise me on the status of this petition. My office phone number and address is indicated above. For what ever it is worth my cell phone number is 773-715-1815.

Needless to say my clients have been relentless in pursuing me on this matter. I know you understand my situation. Thank you very much for your prompt attention on this matter. I look forward to hearing from you in this matter.

"Exhibit L"

Ms. Gordon, Esq.
Mr. O'Malley
Page 2 of 2

Very truly yours,

Manny A. Aguja, ESQ

Cc:   Mr. and Mrs. Peter F. and Merlynda BELCINA
      file

UNITED STATES DEPARTMENT OF HOMELAND SECURITY
US DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
101 W. CONGRESS PARKWAY
CHICAGO, ILLINOIS 60605

IN RE:       THE MATTE OF                        )
                                                 )
                                                 )
PETER F. BALCINA, and                            )
MERLYNDA BELCINA, Plaintiffs                     )
                                                 )
              v.                                 )
                                                 )
MICHAEL B. MOKASEY, US Atty. Gen.                )
         And                                     )
ROBERT L. LOCKWOOD, Interim Dist. Director )

---

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF MANDAMUS**

COME NOW Peter F. Belcina and Merlynda A. Belcina, Plaintiffs in the above styled and numbered cause by and through their Attorney, Manny A. Aguja, ESQ, and for cause of action would show unto the Court the following:

1. This action is brought against the defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiffs. This application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiffs' detriment.

**PARTIES**

2. Plaintiff Merylnda Belcina is a 46 year old native and citizen of the Philippines. She entered the United States on July 02, 2001 as a visitor under a B1-B2 tourist visas. She has been gainfully employed and is

currently working for Dr. William Rosenburg as a caregiver. She married her husband, Peter F. Belcina, a US Citizen by Naturalization on December 13, 2003 in Chicago, Illinois and they have been living together ever since they married. She has not left the US ever since she came into this country.

3. Plaintiff Peter F. Belcina is a 70 year old US Citizen who was born in the Philippines on June 20, 1937. He is currently working for United States Postal Services and has been living with his wife, Merlynda Belcina, since they were married.

4. Defendant Alberto Gonzales is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with the enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC 1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to 245 of the Immigration and Naturalization Act (INA) 8 USC 1255. The United States Citizenship and Immigration Services (USCIS) to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

5. Defendant Robert L. Blackwood of the USCIS is generally charged with the supervisory authority over all operations of the USCIS within his district with certain exceptions not relevant here. 8 CFR 103.1(g)(2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiffs' application for lawful permanent resident status were properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC 1331 and 1361, 5 USC 701 et seq., and 28 USC 2201 et esq. Relief is requested pursuant to said status.

## VENUE

7. Venue is proper in this Court, pursuant to 28 USC 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought to the District Court where a Defendant resides and where a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred. More specifically, Plaintiffs' application for lawful permanent resident statues was properly filed and, to Plaintiffs' knowledge, remains pending with the Chicago District Office.

## EXHAUSTION OF REMEDIES

8. Plaintiffs have exhausted all their administrative remedies. Plaintiffs and their attorney, made numerous inquiries concerning the status of the applications to no avail.

## CAUSE OF ACTION

9. Plaintiff Merlynda Belcina applied for Permanent Residency on February 18, 2004 (Exhibit A). She had her first fingerprinting on April 03, 2004 (Exhibit B). She was first called for an Adjustment of Status interview on January 04, 2005 (Exhibit C). At that time, no requests for further information was requested by Officer Nora Allen. On August 24, 2005, Plaintiffs sent a follow-up letter to Officer Allen ( Exhibit D). No response was received regarding the follow-up letter. On January 10, 2006, Plaintiff Merlynda Belcina went to the Chicago District Office to follow-up the status of her case. On May 12, 2006, Plaintiffs wrote a letter

to Senator Durbin requesting for assistance (Exhibit E) Senator Durbin's Office received a reply from USCIS on July 26, 2006. Plaintiffs were advised that the case is under additional review for a variety of reasons. On. September 28, 2006. Plaintiff, Merlynda Belcina called the customer service number to inquire the status of her case. On October 17, 2006, a response was received by Plaintiffs... "We are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time".  They were asked to contract customer service if no decision or other notice of action will be received within 6 months of the letter (Exhibit F).  Again on March 02, 2007, Plaintiff, Merlynda Belcina made a follow-up call. They again received the same response letter on March 02, 2007 (Exhibit G). On April 20, 2007, Plaintiffs sought the assistance of Congressman Emanuel. A response was received on April 25, 2007- background check pending (Exhibit H). On May 22, 2007, Paintiff, Merlynda Belcina sent a letter to Mr. Robert Blackwood (Exhibit I). No response was received. Again in July 10, 2007, Plaintiff, Merlynda Belcina called the Customer Service to make a follow-up on the status of her case (Exhibit J). On July 23, 2007, Plaintiff, Merlynda Belcina wrote Mr. Blackwood (Exhibit K).  To date, we have not received any communication from the Chicago District Office.

10. In total, this application has been pending in the District Office of Mr. Robert L. Blackwood  for a total of *3 Years and 9 months*!!! She has the urgent need to see her 93 year old ailing father who is suffering in his early stage of dementia. Her father has constantly been looking for her.

She would like to see her father while he still recognize her or before his final journey ends.

11. The Defendants, in violation of the Administrative Procedures Act, 5 USC 701 et seq. are unlawfully withholding or unreasonably delaying action on Plaintiffs' application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

12. Plaintiffs have made numerous status inquiries in an attempt to secure adjudication of their applications, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

### PRAYER

WHEREFORE, in view of the arguments and authority noted herein Plaintiffs respectfully pray that the Defendants be cited to appear herein and that upon consideration, the Court enter an Order:

    a. requiring Defendants to adjudicate Plaintiffs' applications for adjustment of status

    b. awarding Plaintiffs' reasonable attorney's fees; and

    c. granting such other relief at law and equity as justice may require.

Respectfully submitted,

MANNY A. AGUJA, ESQ,

# LIST OF ATTACHMENTS

1. Receipt Notice dated February 18, 2004 from the Chicago District Office;

2. First Adjustment of Status Interview Notice;

3. Follow-up letter to Officer Nora Allen on August 24, 2005;

4. Letter to Sen. Durbin dated May 12, 2006 and USCIS Response to the follow-up letter;

5. National Customer Service Response to follow-up called dated September 28, 2006;

6. National Customer Service Response to follow-up called dated March 01, 2007;

7. Letter to Congressman Rahm Emanuel dated April 20, 2007 and USCIS response;

8. Letter to Officer Robert Blackwood dated May 22, 2007;

9. National Customer Service Response to follow-up called dated July 10, 2007;

10. Letter to Officer Robert Blackwood dated July 23, 2007;

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Domestic Operations of Directorate
Washington, DC 20529



**U.S. Citizenship and Immigration Services**

FEB 4 - 2008

HQ 70/23 & 70/28.1

## Interoffice Memorandum

**TO:** Field Leadership

**FROM:** Michael Aytes
Associate Director, Domestic Operations

**SUBJECT:** Revised National Security Adjudication and Reporting Requirements

**Background**

U.S. Citizenship and Immigration Services (USCIS) conducts background checks on all applicants, petitioners, and beneficiaries seeking immigration benefits. This is done both to enhance national security and to ensure the integrity of the immigration process. USCIS has previously mandated that FBI name checks be completed and resolved before any positive adjudication can proceed on certain form types. This memorandum modifies existing guidance for applications where statutory immigration provisions allow for the detention and removal of an alien who is the subject of actionable information that is received from the FBI or other law enforcement agencies after approval of the application.

USCIS is issuing revised guidance in response to recommendations of the DHS Office of Inspector General (OIG-06-06) regarding the need to align the agency's background and security check policies with those of U.S. Immigration and Customs Enforcement (ICE). The *Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals* regulations prevent immigration judges and the Board of Immigration Appeals (BIA) from granting benefits to aliens before DHS confirms that all background and security checks have been completed. *See* 8 C.F.R. § 1003.47(g); 8 C.F.R. § 1003.1(d)(6)(i). In the context of removal proceedings, ICE has determined that FBI fingerprint checks and Interagency Border Inspection Services (IBIS) checks are the required security checks for purposes of the applicable regulations. In the unlikely event that FBI name checks reveal actionable information after the immigration judge grants an alien permanent resident status, DHS may detain and initiate removal proceedings against the permanent resident. *See* 8 U.S.C. § 1227; *see also* 8 U.S.C. § 1256 (allowing DHS to rescind an alien's adjustment of status).

www.uscis.gov

"Exhibit M"

**Revised National Security Adjudication and Reporting Requirements**
Page 2

**Revised Guidance**

A definitive FBI fingerprint check and the IBIS check must be obtained and resolved before an Application for Adjustment of Status (I-485), Application for Waiver of Ground of Inadmissibility (I-601), Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (I-687), or Application to Adjust Status from Temporary to Permanent Resident (Under Section 245A of Public Law 99-603) (I-698) is approved. USCIS will continue to initiate FBI name checks when those applications are received. Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, or I-698 and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe.

There is no change in the requirement that FBI fingerprint check, IBIS check and FBI name check results be obtained and resolved prior to the adjudication of an Application for Naturalization (N-400).

Pending further guidance regarding post-audit reporting and tracking requirements and modifications to associated quality assurance procedures, applications approved pursuant to this memorandum shall be held at the adjudicating office. If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings are appropriate and warranted.

Subject to the reporting requirements set forth in the February 16, 2007, memorandum titled "FBI Name Checks Policy and Process Clarification for Domestic Operations," an application or petition may be denied, dismissed, administratively closed, withdrawn, or referred to the Immigration Court at any time.

Questions regarding this memorandum should be directed through appropriate supervisory and operational channels. Local offices should work through their chain of command.

Distribution List:
Regional Directors
Service Center Directors
District Directors (except foreign)
Field Officer Directors (except foreign)
National Benefits Center Director