# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

## SUMMONS IN A CIVIL CASE

Merlynda A. Balcina,
Plaintiff

|  |  |
|---|---|
| CASE NUMBER: | 08cv4400 |

V.

| ASSIGNED JUDGE: | Gettleman |

Michael Chertoff, et. al.
Defendants

| DESIGNATED MAGISTRATE JUDGE: | Cox |

TO: (Name and address of Defendant)

Michael Chertoff, Sec of DHS
c/o United States Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlina Tapia-Ruano
Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

8/19/08

(By) DEPUTY CLERK                                    DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  8/19/08 |
| NAME OF SERVER *(PRINT)*  Carlina Tapia-Ruano | TITLE  Plaintiffs Attorney |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: US Attorney's Office,
219 S. Dearborn, Suite 500, Chicago IL 60604

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  8/19/08
_____
*Date*

_____
*Signature of Server*

**TAPIA-RUANO & GUNN P.C.**
_____
*Address of Server*          53 West Jackson Blvd.
Suite 852
Chicago, IL 60604

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

## SUMMONS IN A CIVIL CASE

Merlynda A. Balcina,
Plaintiff

| | |
|---|---|
| CASE NUMBER: | 08cv4400 |
| ASSIGNED JUDGE: | Gettleman |
| DESIGNATED MAGISTRATE JUDGE: | Cox |

V.

Michael Chertoff, et. al.
Defendants

TO: (Name and address of Defendant)

Jonathan Scharfen, Interim Director of USCIS
c/o United States Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlina Tapia-Ruano
Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                                    DATE

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  8 / 19 / 08 |
| NAME OF SERVER *(PRINT)*  Carlina Tapia-Ruano | TITLE  Plaintiffs Attorney |

*Check one box below to indicate appropriate method of service*

**G** Served personally upon the defendant. Place where served:  US Attorney's Office,

219 S. Dearborn, Suite 500, Chicago IL 60604

**G** Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G** Returned unexecuted: _____

_____

_____

**G** Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  8/19/08
_____
*Date*

_____
*Signature of Server*

**TAPIA-RUANO & GUNN P.C.**
_____
*Address of Server*
53 West Jackson Blvd.
Suite 852
Chicago, IL 60604

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Merlynda A. Balcina,
Plaintiff

|  |  |
|---|---|
| CASE NUMBER: | 08cv4400 |

V.

| ASSIGNED JUDGE: | Gettleman |
|---|---|

Michael Chertoff, et. al.
Defendants

| DESIGNATED MAGISTRATE JUDGE: | Cox |
|---|---|

TO: (Name and address of Defendant)

Ruth Dorochoff, District Director of the Chicago USCIS
c/o United States Attorneys Office
219 South Dearborn Street
Suite 500
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlina Tapia-Ruano
Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                                              DATE

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE  8 /19/08 |
|---|---|
| NAME OF SERVER *(PRINT)*  Carlina Tapia-Ruano | TITLE  Plaintiffs Attorney |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant. Place where served: US Attorney's Office,
219 S. Dearborn, Suite 500, Chicago, Il 60604

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

_____

G  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   8/19/08
*Date*

*Signature of Server*

*Address of Server*

**TAPIA-RUANO & GUNN P.C.**
**53 West Jackson Blvd.**
**Suite 852**
**Chicago, IL 60604**

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Merlynda A. Balcina,
Plaintiff

|  |  |
|---|---|
| CASE NUMBER: | 08cv4400 |

V.

|  |  |
|---|---|
| ASSIGNED JUDGE: | Gettleman |

Michael Chertoff, et. al.
Defendants

|  |  |
|---|---|
| DESIGNATED MAGISTRATE JUDGE: | Cox |

TO: (Name and address of Defendant)

Unknown Employee of the Chicago District USCIS
c/o United States Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlina Tapia-Ruano
Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                                      DATE

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE **8 /19/08** |
| NAME OF SERVER *(PRINT)* **Carlina Tapia-Ruano** | TITLE **Plaintiffs Attorney** |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant. Place where served: **US Attorney's Office,**
**219 S. Dearborn, Suite 500, Chicago, Il 60604**

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

_____

G  Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  **8/19/08**
_____
Date

_____
*Signature of Server*

**TAPIA-RUANO & GUNN P.C.**
_____
*Address of Server*
53 West Jackson Blvd.
Suite 852
Chicago, IL 60604

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Merlynda A. Balcina,
Plaintiff

V.

Michael Chertoff, et. al.
Defendants

CASE NUMBER:    08cv4400

ASSIGNED JUDGE:    Gettleman

DESIGNATED
MAGISTRATE JUDGE:    Cox

TO: (Name and address of Defendant)

Robert Mueller, Director of the FBI,
c/o United States Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlina Tapia-Ruano
Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                         DATE

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  8 /19/08 |
| NAME OF SERVER *(PRINT)*  Carlina  Tapia-Ruano | TITLE  Plaintiff's Attorney |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant.  Place where served:  US Attorney's Office,
219 S. Dearborn, Suite 500, Chicago, Il 60604

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   8/19/08
_____
Date

_____
*Signature of Server*

**TAPIA-RUANO & GUNN P.C.**
_____
*Address of Server*
53 West Jackson Blvd.
Suite 852
Chicago, IL 60604

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Merlynda A. Balcina,
Plaintiff

|  |  |
|---|---|
| CASE NUMBER: | 08cv4400 |
| ASSIGNED JUDGE: | Gettleman |
| DESIGNATED MAGISTRATE JUDGE: | Cox |

V.

Michael Chertoff, et. al.
Defendants

TO: (Name and address of Defendant)

Unknown Employee of the FBI
c/o United States Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlina Tapia-Ruano
Tapia-Ruano & Gunn P.C.
53 W. Jackson, Suite 852
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK                                                    DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  8/19/08 |
| NAME OF SERVER *(PRINT)*  Carlina Tapia-Ruano | TITLE  Plaintiffs Attorney |

*Check one box below to indicate appropriate method of service*

**G** Served personally upon the defendant. Place where served:  US Attorney's Office, 219 S. Dearborn, Suite 500, Chicago IL 60604

**G** Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G** Returned unexecuted: _____

**G** Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   8/19/08
_____
Date

_____
*Signature of Server*

**TAPIA-RUANO & GUNN P.C.**
_____
*Address of Server*       53 West Jackson Blvd.
Suite 852
Chicago, IL 60604

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF ILLINOIS,
EASTERN DIVISION

MERLYNDA A. BALCINA,

    Plaintiff,

    vs.

MICHAEL CHERTOFF,
SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY;
JONATHAN SCHARFEN, ACTING
INTERIM DIRECTOR OF THE UNITED STATES
BUREAU OF CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS");
RUTH DOROCHOFF, CHICAGO DISTRICT
DIRECTOR OF THE USCIS;
UNKNOWN EMPLOYEE OF THE CHICAGO
DISTRICT OFFICE OF THE USCIS;
ROBERT MUELLER, DIRECTOR OF THE
FEDERAL BUREAU OF INVESTIGATION ("FBI"); and
UNKNOWN EMPLOYEE OF THE FBI,

    Defendants.

Civil Action No. _____

```
FILED: AUGUST 4, 2008
08CV4400
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

JFB
```

COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS

The plaintiff, MERLYNDA A. BELCINA, by and through her attorneys, TAPIA-RUANO & GUNN P.C., submits this complaint against Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"); Jonathan Scharfen, Acting Director of the United States Bureau of Citizenship and Immigration Services ("USCIS"); Ruth Dorochoff, Chicago District Director of the USCIS; and Robert Mueller, Director of

the Federal Bureau of Investigation ("FBI"), stating as follows:

## I. INTRODUCTION

1. This is an action for mandamus relief under 28 U.S.C. § 1361 and for relief under 5 U.S.C. § 551, *et seq.*, of the Administrative Procedure Act ("APA"), all for the purposes of compelling the defendants to perform their duties and complete the processing and adjudication of the plaintiff's adjustment of status petition for permanent legal residence, which she filed on February 18, 2004 -- duties the defendants have refused or unreasonably failed to perform in spite of repeated requests that they do so that span more than four years.

## II. JURISDICTION

2. Based on facts set forth anon, this Court has jurisdiction over the present action under the following provisions:

a. 28 U.S.C. § 1361, which grants district courts "original jurisdiction of an action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owned to the plaintiff."

b. 28 U.S.C. § 1331, which confers jurisdiction to resolve federal questions, including challenges to the actions or inactions of federal agencies brought under 5 U.S.C. § 551, et seq. ("APA").[1]

3. The "jurisdiction stripping" provision of 8 U.S.C. § 1252(a)(2)(B)(ii) – which provides that "no court shall have jurisdiction to

---

[1] *ANA Int'l., Inc., v. Way,* 393 F.3d 886, 890 (9th Cir. 2004).

review * * * any other decision or action of the Attorney General or the Secretary of the Homeland Security the authority for which it is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . ." – <u>does not apply</u> to the facts alleged and the relief sought in this complaint. The plaintiff does not ask this Court to review a discretionary "decision or action" taken by defendants with respect to her application for adjustment. Rather, the plaintiff challenges the defendants' refusal or unreasonable failure to render any decision or take any action on or in her case and seeks to compel the defendants to make a decision or take action in the first instance. Where defendants have not actually issued a discretionary decision to either grant or deny plaintiff's legal permanent resident status, § 1252(a)(2)(B)(ii) does not apply.[2]

4. 5 U.S.C. § 701(a)(2) – which provides that the APA is inapplicable to "agency action committed to agency discretion by law" or where "statutes preclude judicial review" – <u>does not apply</u> to the facts alleged and the relief sought in this complaint for the same reasons the broader bar set forth in § 1252(a)(2)(B)(ii) does not apply.[3] (See par. 3, hereinabove.)

III. VENUE

---

[2] *See Iddir v. INS*, 301 F.3d 492, 498, 501 (7th Cir.2002); *Ahmed v. Dep't of Homeland Security*, 328 F.3d 383, 387 (7th Cir.2003); *Kamal v. Gonzales*, 547 F.Supp.2d 869, 873-77 (N.D.Ill.2008); *He v. Chertoff*, 528 F.Supp.2d 879, 884-85 (N.D.Ill.2008).
[3] *See ANA Int'l Inc.*, 393 F.3d at 890-91.

5. Venue in this court is proper under 28 U.S.C. § 1391(e), which provides that in "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." The plaintiff resides and the defendants operate within the jurisdiction of this court. Moreover, the plaintiff's application for permanent resident status (also known as an application for "adjustment of status") was processed at the Chicago District Office of the USCIS, where it has remained pending the last three years.

IV. FACTS

A. <u>Parties</u>

6. Merlynda Belcina, the plaintiff herein, is a citizen of the Philippines who originally entered the United States on July 2, 2001 with a tourist visa.  On or about February 18, 2004, she filed an application for permanent residence (hereinafter "adjustment of status") with the USCIS.

7. Michael Chertoff, a defendant herein, is the Secretary of the Department of Homeland Security ("DHS"). Under 8 U.S.C. § 1103(a)(1),

"[t]he Secretary of Homeland Security [is] charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens * * * (2) [h]e [has] control, direction, and supervision of all employees and of all the files and records of the [Immigration] Service * * * (6) [h]e is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department or other independent establishment under whose jurisdiction the employee is serving, any of the powers, privileges, or duties conferred or imposed by this chapter or regulations issued thereunder upon officers or employees of the Service."

8.   Jonathan Scharfen, defendant herein, is the Acting Director of the United States Bureau of Citizenship and Immigration Services ("USCIS"). Under 8 U.S.C. § 1103(a)(2) and 8 C.F.R. 245.9(l), he is directed by the Secretary of DHS to process and adjudicate applications for the adjustment of status filed under the Act.

9.   Ruth Dorochoff, a defendant herein, is the Chicago District Director of USCIS. Under 8 U.S.C. § 1103(a)(2) and 8 C.F.R. 245.9(l), she is directed by the Secretary of DHS and the Acting Director of USCIS to process and adjudicate applications for the adjustment of status filed under the Act.

10.   Unknown USCIS employee of the Chicago District office, a defendant herein, is directed by the Secretary of DHS under 8 U.S.C. § 1103(a)(2), and by the Interim Director and Chicago District Director of

USCIS to process and adjudicate the plaintiff's application for adjustment of status.

11. Robert Mueller, a defendant herein, is the Director of the Federal Bureau of Investigation ("FBI"). He has consented, through past and present course of action, to the Secretary of DHS's imposition of a duty upon FBI employees to undertake security checks in connection with applications for the adjustment of status filed under the Act, all pursuant to 8 U.S.C. § 1103(a)(6).

12. Unknown FBI employee, a defendant herein, is directed by the Director of FBI and, under 8 U.S.C. § 1103(a)(6) and 8 U.S.C. § 1105(b)(3), by the Director of DHS to undertake security checks of the plaintiff in connection with her application for adjustment of status filed under the Act.

## B. <u>Events</u>

13. On December 13, 2003, while residing in the United States, the plaintiff entered into a valid marriage with Peter Belcina, a naturalized US citizen since 1989.

14. On February 18, 2004, the plaintiff filed an application for adjustment with status with the Chicago Office of the USCIS based in part on said valid marriage.

15. On April 3, 2004, the plaintiff submitted to biometric examination, including fingerprinting.

16. On January 4, 2005, the plaintiff was interviewed in

connection with her application for adjustment of status by an officer of the USCIS, Chicago District Office.

17.  On August 24, 2005, plaintiff corresponded with said officer and inquired into the status of her application. (See Exhibit A, attached.) No response was forthcoming.

18. On January 10, 2006, the plaintiff visited the Chicago USCIS District office in person through an INFOPASS interview, to inquire into the status of her application. (See Exhibit B, attached.) She was provided no information beyond being informed that it the application was pending.

19. On May 12, 2006, the plaintiff requested Hon. Senator Richard Durbin to assist her in obtaining a decision on her application for adjustment of status. (See Exhibit C, attached.) Senator Durbin corresponded with the USCIS and inquired into the status of the application. The USCIS responded, stating that the matter was under review and to inquire again after 90 days. (See Exhibit D, attached.)

20. On September 28, 2006, the plaintiff telephoned the USCIS' Customer Service number and left a message requesting the status of her application for adjustment of status. On October 17, 2006, the USCIS responded, stating, "We are actively processing this case. However, we have to perform additional review on this case and this has caused a longer processing time." The USCIS also stated that further inquiry into status should be made if no decision is received within six months. (See

Exhibit E, attached.)

21.  On March 1, 2007, the plaintiff again telephoned the USCIS' Customer Service number and left a message requesting the status of her adjustment application. The next day, on March 2, the USCIS responded that it was still processing the case and that further inquiry should be made after six months. (See Exhibit F, attached.)

22.  On April 20, 2007, the plaintiff requested Hon. Congressman Rahm Emanuel to assist her in obtaining a decision on her adjustment application. Congressman Emanuel corresponded with the USCIS and inquired into the status of the application. The USCIS responded on or about May 1, stating that the matter was under review. (See Exhibit G, attached.)

23. On May 22, 2007, the plaintiff corresponded with an officer of the USCIS, Chicago District Office and inquired into the status of her case. (See Exhibit H, attached.) The USCIS responded on April 11, stating that the matter was under review. (See Exhibit I, attached.)

24. On July 10, 2007, the plaintiff again telephoned the USCIS' Customer Service telephone number and left a message requesting the status of her adjustment application. On July 17, the USCIS responded that it was still processing the case and that further inquiry should be made after six months. (See Exhibit J, attached.)

25. On July 23, 2007, the plaintiff corresponded with an officer of the USCIS, Chicago District Office and inquired into the status of her

case. (See Exhibit K, attached.) No response was forthcoming.

26. On March 8, 2008, the plaintiff engaged counsel who prepared a draft complaint for writ in the nature of mandamus based on the above facts and submitted a copy of it to the DHS, in hopes that such may resolve the present dispute without the involvement of the courts. (See Exhibit L, attached.) No response was forthcoming.

27. As of the date of filing this complaint, no action or decision has been with respect to the application for adjustment of status.

28. The plaintiff has urgent need to visit her seriously ailing and aged father in the Philippines, who requires the care and comfort of his daughter, the plaintiff. Until the plaintiff's application for adjustment of status is ruled upon, however, she cannot travel outside the United States without foregoing her application and its benefit, pursuant to 8 CFR § 245.2(c)(4)(ii)(A).

29. On February 4, 2008, the USCIS issued an Interoffice Memorandum directing it officers to approve applications for adjustment applications (Form I-485) "where the application is otherwise approvable and the FBI name check request has been pending more than 180 days." (See Exhibit M, attached.)

## V. CAUSES OF ACTION

### A. Mandamus Relief Directed to DHS and USCIS Defendants

30. Under 28 U.S.C. § 1361, a plaintiff is entitled to mandamus relief if she demonstrates: (1) a clear right to the relief sought; (2) that the

defendant has a duty to do the act in question; and (3) no other adequate remedy is available.[4]

31. The plaintiff has a clear right to apply for permanent resident status and to have her application adjudicated[5].

32. The DHS and USCIS have a non-discretionary duty to process and adjudicate the plaintiff's adjustment of status application.[6]

33. In spite of these rights and duties, the DHS and USCIS have not processed and adjudicated the plaintiff's application, to wit:

(a) The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 hereinabove.)

(b) As part of the application process, the plaintiff submitted to biometric examination on April 3, 2004. (See par. 15 hereinabove.)

(c) As part of the application process, the plaintiff attended and participated an in-person interview with an officer of the USCIS at the Chicago District Office on January 4, 2005. (See par. 16 hereinabove.)

(d) As of the date of filing of this complaint, the defendants have not issued a decision on the plaintiff's application for adjustment of status, in spite of an USCIS directive to adjudicate such applications "where the application is otherwise approvable and the FBI name check request has been pending for more than 180

---

[4] *Iddir*, 301 F.3d at 499.
[5] *See Kamal,* 547 F. Supp.2d at 876; *He*, 528 F. Supp.2d at 882-83.
[6] *Id.*

days." (See pars. 27 and 28 hereinabove.)

34.    The plaintiff's sole remedy in obtaining a decision on her adjustment application is to request the same from the DHS and USCIS, which the plaintiff has done repeatedly over a span of three years without effect. (See Exhibits A through L, attached, and pars. 18 through 26, hereinabove.)

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the plaintiff has a clear right to the relief sought; that the defendants have a duty to do the act in question, and that there is no other adequate remedy is available.

(3) Order the defendants to issue a decision granting or denying the plaintiff's application for permanent resident status ("adjustment of status") within 30 days of the order's entry.

(4) Tax defendants with the plaintiff's attorney's fees and costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the defendants have complied with its orders.

B. <u>APA Relief Directed to DHS and USCIS Defendants</u>

35. Under 5 U.S.C. §§ 555(b) and 706(1), a plaintiff is entitled to a court order compelling an agency to act if she establishes that the agency has a nondiscretionary duty to act and that any delay in acting is

unreasonable.[7]

36. The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 herein.)

37. As part of the application process, the plaintiff submitted to biometric examination on April 3, 2004. (See par. 15 herein.)

38. As part of the application process, the plaintiff attended and participated in an interview with an officer of the USCIS, at the Chicago District Office on January 4, 2005. (See par. 16 herein.)

39. The DHS and USCIS have a non-discretionary duty to process and adjudicate the plaintiff's application for adjustment of status.[8]

40. As of the date of filing of this complaint, the DHS and USCIS have not issued a decision on the plaintiff's application for adjustment of status, in spite of an USCIS directive to adjudicate such applications (Form I-485) "where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days." (See pars. 27 and 28 hereinabove.)

41. The delay of more than four and half years in processing and adjudicating the plaintiff's application for adjustment of status is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*[9]

---

[7] *Norton v. S. Utah Wilderness Alliance ("SUWA"),* 542 U.S. 55, 63 & n. 1, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004); *Kamal,* 547 F.Supp.2d at 877-78.

[8] *See Kamal,* 547 F. Supp.2d at 876; *He,* 528 F. Supp.2d at 882-83.

[9] *Kamal*, 547 F.Supp.2d at 878-79 (five-year delay is unreasonable); *Aslam v. Mukasey,* 531 F.Supp.2d 736, 742-43 (E.D.Va.2008) (three-year delay is unreasonable); *Saleem v. Keisler,* 520 F.Supp.2d 1048,1054

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the defendants' failure to process and adjudicate the plaintiff's application for permanent resident status ("adjustment of status") within four and a half years of filing the same is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*

(3) Order defendants to issue a decision on the merits granting or denying the plaintiff's security clearance and application for adjustment of status, both within 30 days of the order's entry.

(4) Tax defendants with the plaintiff's attorney's fees and costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the defendants have complied with its orders.

C. <u>Mandamus Relief Directed to FBI Defendants</u>

42. Under 28 U.S.C. § 1361, a plaintiff is entitled to mandamus relief if she demonstrates: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available.[10]

---

(W.D.Wis.2007) (five years to conduct three background checks is unreasonable); *Liu v. Novak*, 509 F.Supp.2d 1, 10 (D.D.C.2007) (four-year delay is unreasonable); *Singh v. Still*, 470 F.Supp.2d 1064, 1065, 1071 (four-year delay is unreasonable) (N.D.Cal.2007); *Yufeng Liu v. Chertoff*, No. CV-06-1682-ST, 2007 WL 2435157, at *10-11 (D.Or. Aug. 29, 2007) (three-year delay is unreasonable).

[10] *Iddir*, 301 F.3d at 499.

43. The plaintiff has a clear right to apply for permanent resident status and to have her application adjudicated.[11]

44. Under 8 U.S.C. § 1301 and 1304(a), the DHS and USCIS must undertake security checks and clearances for any application for adjustment of status before her application may be adjudicated.

45. Under 8 U.S.C. § 1103(a)(6), the Secretary of the DHS "is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department . . . under whose jurisdiction the employee is serving, any of the . . . duties conferred or imposed by this chapter or regulations issued thereunder upon officers or employees of the Service."

46. The Secretary of the DHS, with the consent of the head of the FBI (as established by past and present practice) has imposed upon the employees of the FBI the duty of DHS to undertake security checks of applicants for adjustment of status. As such, the FBI defendants have a non-discretionary duty to process the security clearances for the plaintiff in connection with her application.

47. In spite of these rights and duties, the FBI defendants have not processed the plaintiff's security clearance, to wit:

(a) The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 hereinabove.)

(b) As part of the application process, the plaintiff submitted to

---

[11] *See Kamal,* 547 F. Supp.2d at 876; *He*, 528 F. Supp.2d at 882-83.

biometric examination on April 3, 2004. (See par. 15 hereinabove.)

(c) As part of the application process, the plaintiff attended and participated an in-person interview with an officer of the USCIS at the Chicago District Office on January 4, 2005. (See par. 16 hereinabove.)

(d) On information and belief, information obtained from said application, examination and interview were provided to the FBI defendants by the DHS and USCIS, along with instructions to undertake security checks of the plaintiff.

(d) On information and belief, the FBI defendants have not undertaken or completed said security checks.

48.    The plaintiff's sole remedy in obtaining a decision on her application is to request the same from the DHS and USCIS defendants, which the plaintiff has done repeatedly over a span of three years without result. (See Exhibits A through L, attached, and pars. 18 through 26, hereinabove.)

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the plaintiff has a clear right to the relief sought; that the defendants have a duty to do the act in question, and that there is no other adequate remedy is available.

(3) Order the FBI defendants to complete its security checks of the plaintiff within 30 days of the order's entry.

(4) Tax the FBI defendants with the plaintiff's attorney's fees and costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the FBI defendants have complied with its orders.

### D. APA Relief Directed to FBI

49. Under 5 U.S.C. §§ 555(b) and 706(1), a plaintiff is entitled to a court order compelling an agency to act if she establishes that the agency has a nondiscretionary duty to act and that any delay in acting is unreasonable.[12]

50. The plaintiff has a clear right to apply for permanent resident status and to have her application adjudicated in a timely manner.[13]

51. Under the USA PATRIOT Act of 2001,[14] and 8 C.F.R. §103.2(e)(2), the DHS must undertake security checks clearances for any adjustment applicant before her application may be adjudicated.

52. Under 8 U.S.C. § 1103(a)(6), the Secretary of the DHS "is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department . . . under whose jurisdiction the employee is serving, any of the . . . duties conferred or imposed by this chapter or regulations issued thereunder upon officers

---

[12] *Norton*, 542 U.S. at 63 & n.1; *Kamal,* 547 F.Supp.2d at 877-78.
[13] *See Kamal,* 547 F. Supp.2d at 876; *He,* 528 F. Supp.2d at 882-83.
[14] USA PATRIOT ACT of 2001, P.L. 107-56, § 403.

or employees of the Service."

53.  The Secretary of the DHS, with the consent of the head of the FBI (as established by past and present practice) has imposed upon the employees of the FBI the duty of the DHS to undertake security checks of applicants for adjustment of status. As such, the FBI defendants have a non-discretionary duty to process the security clearances for the plaintiff in connection with her application.

54. In spite of these rights and duties, the FBI defendants have not processed the plaintiff's security clearance, to wit:

(a) The plaintiff filed her application for adjustment of status with the USCIS on February 18, 2004. (See par. 14 hereinabove.)

(b) As part of the application process, the plaintiff submitted to biometric examination on April 3, 2004. (See par. 15 hereinabove.)

(c) As part of the application process, the plaintiff attended and participated an in-person interview with an officer of the USCIS at the Chicago District Office on January 4, 2005. (See par. 16 hereinabove.)

(d) On information and belief, information obtain from said application, examination and interview were provided to the FBI defendants by the DHS and USCIS, along with instructions to undertake security checks of the plaintiff.

(d) On information and belief, the FBI defendants have not undertaken or completed said security checks.

55.   The plaintiff's sole remedy in obtaining a decision on her application is to request the same from the DHS and USCIS defendants, which the plaintiff has done repeatedly over a span of more than three years without result. (See Exhibits A through L, attached, and pars. 18 through 26, hereinabove.)

56. The FBI defendants' delay of more than four and half years in processing the plaintiff's security clearance in connection with her adjustment application is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*[15]

WHEREFORE, the plaintiff prays that this Court:

(1) Assume jurisdiction of this cause.

(2) Find that the FBI defendants' failure to process or complete the plaintiff's security checks within four years after being directed to perform the task is "unreasonable" under 5 U.S.C. §§ 555(b), *per se.*

(3) Order the FBI defendants to complete its security checks of the plaintiff within 30 days of the order's entry.

(4) Tax the FBI defendants with the plaintiff's attorney's fees and

---

[15] *Kamal,* 547 F.Supp.2d at 878-79 (five-year delay is unreasonable); *Aslam v. Mukasey,* 531 F.Supp.2d 736, 742-43 (E.D.Va.2008) (three-year delay is unreasonable); *Saleem v. Keisler,* 520 F.Supp.2d 1048,1054 (W.D.Wis.2007) (five years to conduct three background checks is unreasonable); *Liu v. Novak,* 509 F.Supp.2d 1, 10 (D.D.C.2007) (four-year delay is unreasonable); *Singh v. Still,* 470 F.Supp.2d 1064, 1065, 1071 (four-year delay is unreasonable) (N.D.Cal.2007); *Yufeng Liu v. Chertoff,* No. CV-06-1682-ST, 2007 WL 2435157, at *10-11 (D.Or. Aug. 29, 2007) (three-year delay is unreasonable).

costs.

(5) Grant such other and further relief as this Court deems proper under the circumstances.

(6) Retain jurisdiction over this cause until the Court is satisfied that the FBI defendants have complied with its orders.

_____
Carlina Tapia-Ruano
Jeffrey W. Gunn
TAPIA-RUANO & GUNN P.C.
53 W. Jackson Blvd., Suite 853
Chicago, IL 60605
(P) 312-281-4867
(F) 312-447-0701
ctapia-ruano@trgpc.com

For the Plaintiff,
MERYLYNDA BALCINA